IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROLYN CALDERON,

        Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.

No. CV 06-1621-PK

OPINION AND ORDER

**MOSMAN, J.**,

      On November 1, 2007, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#19) in the above-captioned case recommending the Commissioner's decision be AFFIRMED. Objections have been filed.

      The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)©). However, the court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)©).

Ms. Calderon's first objection to the F&R states: "[T]he ALJ admitted that the DDS doctors' MRFC assessments were supported by the record as a whole, but then the ALJ proceeded to ignore those MRFC assessments. . . . In short, the ALJ pretended to *adopt* the assessments, and the magistrate judge pretends that the ALJ *rejected* them." Pls.' Objections (#20) 2.

Ms. Calderon's objection is not entirely accurate. The ALJ stated: "In reaching these conclusions, the undersigned gives significant weight to the DDS psychologist's MRFC assessment, insofar as this assessment is based on a thorough review of the medical record . . . ." Tr. 25. Judge Papak correctly points out that, based on the record, the ALJ *could have* rejected the DDS psychologist's MRFC assessment. F&R (#19) 13-15. However, the ALJ did not fully reject the DDS psychologist's MRFC assessment. He instead found "that the claimant is not as mentally or cognitively limited as she asserts . . . ." Tr. 25. Furthermore, "the expert opinion substantiates that the claimant's baseline mental residual functional capacity does not preclude all work." *Id.* The ALJ then included those functional limitations (supported by substantial evidence) in his analysis. *Id.* at 27.

Ms. Calderon filed four other objections to the F&R. However, upon further review, I agree with Judge Papak's recommendation, and I ADOPT the F&R (#19) as my own opinion. IT IS SO ORDERED.

DATED this  4th   day of March, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court